## COFFMAN v. UNITED STATES.
### No. 49223.

United States Court of Claims.
June 3, 1952.

Samuel M. Coombs, Jr., Jersey City, N. J., James D. Carpenter and Carpenter, Gilmour & Dwyer, Jersey City, N. J., on the brief, for plaintiff.

G. Murray Paddack, Washington, D. C., Holmes Baldridge, Asst. Atty. Gen., Washington, D. C., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

MADDEN, Judge.

The plaintiff in his petition asserts that he is the inventor of what is known as the Coffman Internal Engine Starter and Power Generating Units and Igniting

Means Therefor, and owns numerous United States patents relating thereto. In 1932 he licensed Federal Laboratories, Inc., to make, use, and sell devices covered by his patents, and it agreed to pay him certain royalties. Breeze Corporations, Inc., acquired a controlling stock interest in Federal Laboratories and took over the manufacture of the devices covered by the plaintiff's patents. Federal and Breeze manufactured starters, parts thereof, and shells, and sold them to the United States. The royalties payable to the plaintiff by Federal under the licensing agreement, for such manufacture and sale to the United States, were certain sums recited in the petition. But in 1943 the Secretary of War and the Secretary of the Navy, acting under the Royalty Adjustment Act, 35 U.S.C.A. § 89 et seq., ordered Federal to pay over to the United States all royalties accruing under the licensing agreement, in excess of certain amounts which the Royalty Adjustment Orders of the Secretaries authorized to be paid to the plaintiff. The plaintiff, for its third claim, asserts that the amounts permitted by the Royalty Adjustment Orders to be paid to the plaintiff do not constitute fair and just compensation, and that the amounts specified in his agreement with Federal are fair and just compensation, and he sues the United States for those amounts, giving credit, of course, for the amounts already received by him from Federal as permitted by the Royalty Adjustment Orders.

In an earlier stage of this case, in passing upon the Government's motion to dismiss the plaintiff's petition, we, on May 1, 1951, rendered an opinion, 96 F.Supp. 927, 119 Ct.Cl. 494, in which we considered quite fully the text and the purpose of the Royalty Adjustment Act. We held that the agreement between the plaintiff and Federal was a license agreement, within the meaning of the Royalty Adjustment Act, and that this Court had jurisdiction, by the express provisions of that act, to hear and determine the third claim of the plaintiff's petition. The Government thereupon filed its answer, and the plaintiff has moved to strike certain portions of that answer, for reasons that will appear hereinafter.

The plaintiff's motion to strike paragraph 1 of the answer is denied. Paragraph 1 asserts that the agreement between the plaintiff and Federal is an assignment and not a license. That question was decided by us in our May 1, 1951, decision. If, however, the Government thinks it useful to maintain its position in its answer, we see no inconvenience in its doing so. We suppose that the agreement speaks for itself and that the Government will offer no evidence on the question. Such evidence would be inadmissible, not only because of our prior decision, which might be regarded as interlocutory, but because the matter is *res adjudicata*, having been finally decided in the litigation in the United States District Court for the Western District of Pennsylvania, 73 F.Supp. 409, and the Court of Appeals for the Third Circuit, Coffman v. Federal Laboratories, 171 F.2d 94, referred to in our earlier opinion.

The plaintiff's motion to strike paragraphs 2, 3, 4, 6, 7, and 9 of the answer is denied. Those paragraphs of the answer deny the allegations of the plaintiff's petition as to the number of the patented items sold by the plaintiff's licensee, Federal, to the Government. In the District Court litigation in which the plaintiff sued Federal for royalties, the plaintiff and Federal agreed as to the volume of sales by Federal to the Government. The Government intervened in that litigation. Government counsel said there, and again in the pretrial conference before the Commissioner of this Court, that he had no reason to doubt the figures, but that it would be necessary to check the books and records. The question of the burden of going forward with the evidence is left with the Commissioner.

The plaintiff's motion to strike paragraph 14 of the defendant's answer is denied. Paragraph 14 asserts that the compensation which the Royalty Adjustment Orders permitted Federal to pay the plaintiff was fair and just compensation. The plaintiff, of course, disagrees, but the

Government has the right to assert it and, unless the case goes off on other grounds, to prove it if it can.

The plaintiff's motion to strike paragraphs 15, 16, and 17 of the defendant's answer is denied. These paragraphs of the answer deny the validity of the plaintiff's patents, asserting that they lack invention, and citing numerous prior patents which, the answer says, anticipated them. The plaintiff says that the Government is estopped to assert the invalidity of the patents. He points to the rule of patent law that one who accepts a license from a patentee may not refuse to pay the royalties agreed upon, and assert the invalidity of the patent as an excuse. Kinsman v. Parkhurst, 18 How. 289, 15 L.Ed. 385; Eureka Co. v. Bailey Co., 11 Wall. 488, 20 L.Ed. 209; United States v. Harvey Steel Co., 196 U.S. 310, 25 S.Ct. 240, 49 L.Ed. 492; Brooks-Scanlon Corp. v. United States, 265 U.S. 106, 123, 124, 44 S.Ct. 471, 68 L.Ed. 934. The plaintiff says that the effect of the Royalty Adjustment Act, and of the orders issued to Federal thereunder, was to substitute the United States for Federal, and that the United States is therefore estopped to assert the invalidity of the plaintiff's patents, just as Federal would have been if it had been sued and if no Royalty Adjustment orders had been issued. The plaintiff's position is not well-taken, so far as the text and scheme of the statute is concerned. Section 2 of the act, 56 Stat. 1013, 35 U.S.C.A. § 90, says that in suits such as the instant one—

"* * * the United States may avail itself of any and all defenses, general or special, that might be pleaded by a defendant in an action for infringement as set forth in title sixty of the Revised Statutes, or otherwise."

Thus the statute expressly provides that the Government may defend such an action as this by showing that the plaintiff's patents are invalid because they have been anticipated.

The plaintiff says that if Section 2 of the act means that the Government may escape liability, on the ground of the invalidity of his patents, though his licensee, Federal, was bound, until it was forbidden by the Royalty Adjustment Orders, to pay the agreed royalties, then Section 2 is unconstitutional because it denies him the just compensation guaranteed by the Fifth Amendment to persons whose property is taken by the Government. The plaintiff points to Section 10 of the act which provides that if any provision of the act is held invalid, the validity of the remainder of the act shall not be affected thereby. We could, therefore, hold Section 2 of the act to be invalid without denying the plaintiff's right to sue in this Court, or to recover just compensation without being subject to the defenses authorized by Section 2.

The plaintiff cites no authority and, indeed, makes no argument to support its bare assertion that Section 2 of the Royalty Adjustment Act is unconstitutional. Even if we were inclined, which we are not, to treat so cavalierly an act of Congress, we would at least expect that the party who asserts unconstitutionality would give us the benefit of research on the question. The United States Court of Appeals for the Third Circuit upheld the general constitutionality of the Royalty Adjustment Act in Timken-Detroit Axle Co. v. Alma Motor Co., 144 F.2d 714. The Supreme Court of the United States, in Alma Motor Co. v. Timken Co., 329 U.S. 129, 67 S.Ct. 231, 91 L.Ed. 128, remanded that case on the ground that the constitutional issue could, perhaps, have been avoided if the Court of Appeals had passed upon a non-constitutional issue which was present in the case. The same Court of Appeals reached the same conclusion on the constitutional question in the suit by this plaintiff which preceded his suit in this court. Coffman v. Federal Laboratories, 3 Cir., 171 F. 2d 94, certiorari denied, 336 U.S. 913, 69 S. Ct. 603, 93 L.Ed. 1076. We recognize that these decisions did not, necessarily, approve the constitutionality of Section 2 of the Royalty Adjustment Act which permits the United States to question the validity of the plaintiff's patent. Because we have been given no reason for doing otherwise, we

assume, for the purposes of this motion, the constitutionality of Section 2.

The plaintiff's motion is denied.

It is so ordered.

JONES, Chief Judge, and HOWELL, WHITAKER, and LITTLETON, Judges, concur.